HERMAN Z. MALLEN *et al.*

*v.*

ADOLPH WALDOWSKI.

*Opinion filed February 18, 1903—Rehearing denied June 9, 1903.*

1. INSTRUCTIONS—*when instruction does not characterize particular acts as negligence per se.* An instruction providing that if the jury "find, from the evidence, that the plaintiff was guilty of negligence" in attempting to do a certain thing, and if they further believe, "from the evidence, that such negligence was the cause of his injury," then their verdict must be for the defendant, is proper, and its refusal is reversible error where the only other in-

structions upon the subject are those requiring ordinary care by the plaintiff. (MAGRUDER, C. J., and CARTER, J., dissenting.)

2. SAME—*when instruction is not a repetition of others.* An instruction which seeks to apply a principle of law to the facts in the case as found by the jury is not a mere repetition of an instruction stating the principle of law in the abstract.

*Mallen* v. *Waldowski*, 101 Ill. App. 367, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding.

O. W. DYNES, for appellants.

THEODORE G. CASE, and MUNSON T. CASE, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

In an action on the case heard in the superior court of Cook county appellee recovered a judgment against the appellants in the sum of $2500 for damages resulting to appellee from a personal injury, occasioned, as the declaration alleged, by reason of the negligence of the appellants.

The appellants were engaged in the business of manufacturing furniture in the city of Chicago. The appellee on the 21st day of December, 1892, was in their employ in the capacity of a wood-working machinist. The work about which appellee was engaged was reducing pieces of timber of the thickness of one and three-quarters inches and of the length of nineteen inches into strips of the same length and of the thickness of five-eighths of an inch, and having a corner or notch sawed out of each strip. The proper and safer mode of doing the work was to first saw the corner or notch, once for all, out of the piece of timber from which the strips were to be sawed, and then saw the large piece into strips. The appellee did not, however, pursue this method of doing the work,

but first sawed the larger piece of timber into the thin strips, and then attempted to hold together in his hands all the strips into which the larger piece had been reduced, at one time, against the saw and saw the corner or notch out of all the strips at one time in that way. While so endeavoring to hold several of these strips together against the saw, the hand of appellee was "jerked or kicked" against the teeth of the revolving saw, causing the injury for which the action was brought. There was evidence tending to show the appellee had been informed that the corner or notch should be sawed out of the larger and more solid piece before sawing it into strips, and warned that it was not safe to saw the corner or notch out of the thin strips.

One of the defenses sought to be sustained to the action was that the appellee was injured through a lack of ordinary care on his part for his own safety, and that such negligence caused the injury to his hand. The appellants asked, but the court refused to give, the following instruction to the jury:

"The court instructs the jury that if you find, from the evidence, that the plaintiff was guilty of negligence in attempting to saw the corner out while holding several of the smaller pieces together with his hands, instead of sawing the corner out of the solid piece of wood before it was ripped into smaller pieces, and if you further believe, from the evidence, that such negligence was the cause of his injury, then your verdict should be not guilty."

The argument in support of the ruling of the court in refusing to give this instruction is, that the instruction "characterizes a particular act, viz., that of attempting to saw the corner out of the smaller pieces, instead of sawing the corner out of the solid piece of wood before it was ripped into smaller pieces, as negligence *per se*," and further, that the instruction proceeded on the theory that plaintiff could not recover if he was guilty of some

careless or negligent act which, though it may have contributed, in some degree, to his injury, was not the proximate cause thereof.

As we read the instruction there is no assumption that the plaintiff was guilty of any act of negligence. The language of the instruction, "if you [the jury] find, from the evidence, that the plaintiff was guilty of negligence in attempting to saw the corner out while holding several of the smaller pieces together with his hands," etc., leaves the question whether that manner of attempting to do the work was negligence, to be determined by the jury, as a question of fact, from the evidence. The further declaration of the instruction, that if "you [the jury] further believe, from the evidence, that such negligence was the cause of his injury, then your verdict should be not guilty," did not, by the use of the words "such negligence," assume to declare that "attempting to saw the corner out" while holding several pieces together in his hands was negligence, but only that if it was proven by the evidence to have been negligence it would defeat recovery of damages, if the jury further believed it was the cause of the injury. If it was negligence for plaintiff to attempt to saw out the notches or corners of a number of pieces by holding them together with his hands, and pressing them, thus held, against the saw, and such negligence was, as the instruction expressly stated, "the cause of the injury," there is no room for the contention it was "remote in the chain of causation." The remote cause of an injury "is that cause of which some indefinite force merely took advantage of to accomplish something not the probable or natural effect thereof." (*Goodlander Mill Co.* v. *Standard Oil Co.* 24 U. S. App. 8.) "The proximate cause is the efficient cause,— the one that necessarily sets the other causes in operation." (*Ætna Fire Ins. Co.* v. *Boon,* 195 U. S. 130.) The instruction is not subject to any good objection, and under the tendencies of the proof should have been given.

The general principle announced in some other of the instructions, that the law required the exercise of ordinary care on the part of the plaintiff, cannot, under the circumstances of the case, be regarded as the equivalent of the instruction which was refused. The refused instruction sought to apply a principle of law to the facts as found by the jury, and it can hardly be deemed to be merely a repetition of an instruction which announces the principle in the abstract. (11 Ency. of Pl. & Pr. 298.) We think the instruction should have been given. It touched upon a vital and controlling feature of the case, and the refusal to give it must be regarded as error of reversible character.

Other alleged errors which, as it is thought, occurred during the hearing, are urged in the briefs, but it is not necessary to a proper rehearing of the case they should be adverted to and here discussed and decided.

The judgment of the Appellate Court and that of the superior court are each reversed, and the cause will be remanded to the superior court for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

Mr. CHIEF JUSTICE MAGRUDER, dissenting: I think the instruction quoted in full in the opinion was properly refused. It singles out one fact and authorized the jury to predicate negligence upon that instead of leaving it to the jury to take such fact and all the other facts and circumstances shown by the evidence into consideration in determining whether the defendant was guilty of negligence or not.

Mr. JUSTICE CARTER: I concur in the dissenting opinion of the chief justice, and think also that the instruction is vicious because it contains an intimation to the jury that the plaintiff was guilty of contributory negligence in the respect mentioned in the opinion.