### KLAS v. YELLOW CAB CO.
### No. 6950.

Circuit Court of Appeals, Seventh Circuit.
Oct. 27, 1939.

Edward J. Rothman, of Chicago, Ill. (Seymour Scheffres and Max Chill, both of Chicago, Ill., of counsel), for appellant.

Herbert C. De Young and Charles F. White, both of Chicago, Ill., for appellee.

Before EVANS, SPARKS, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Plaintiff sued to recover damages claimed to have been caused by the negligence

of the defendant. The negligence averred is that the defendant carelessly and improperly drove its automobile taxicab; that the taxicab was driven at a high and excessive rate of speed, and that it was carelessly and improperly driven with insufficient lights. The cause was tried to a jury, resulting in a verdict of not guilty, judgment was entered thereon, and plaintiff appeals to this court.

It appears that on December 14, 1936, at about 3 A. M., plaintiff was driving his automobile northwesterly on Clark Street, Chicago, Illinois, approaching Addison Street, at about ten miles per hour. Clark Street, at its intersection with Addison Street, runs in a northwesterly-southeasterly direction. It is approximately 42½ feet wide. Addison Street is 44 feet wide, both measurements being from curb to curb.

It further appears that when plaintiff arrived at a point in the middle of Addison Street he turned left without stopping; that the intersection was well lighted; that he did not see the Yellow cab until it was eight feet from his automobile; and that the automobiles collided in the center of Addison Street.

It is first insisted that the court erred in admitting evidence of the contents of a sign on a post on the southeast corner of Clark and Addison Streets, upon which appeared the words "No left turn," and the point is made that before such testimony could be introduced it must appear that the sign had been erected pursuant to a city ordinance.

■ We think this contention does not merit any extended discussion. Suffice it to say that it was the plaintiff who offered in evidence a photograph showing the "No left turn" sign and that a witness for plaintiff testified that the sign was on a post at the southeast corner of Clark and Addison Streets.

It is next contended that such evidence could not be received unless and until a foundation was laid that the existence of the sign was known to the plaintiff, and that the taxicab driver knew of its existence and, in reliance thereon, proceeded southeasterly on Clark Street.

■ The record clearly discloses that plaintiff had travelled this intersection two or three times each week for a period of six months preceding the accident, and that he was familiar with it. Under such circumstances, the question whether or not the plaintiff and the taxicab driver knew of the existence of the sign was a matter for the consideration of the jury, Greenwald v. Baltimore & Ohio R. Co., 332 Ill. 627, 164 N.E. 142, and the question of due care and contributory negligence was one of fact for the jury to decide. Thomas v. Buchanan, 357 Ill. 270, 192 N.E. 215.

We are also met with the contention that the court erred in admitting the testimony of two police officers as to what they had observed in reference to the position of the automobiles after the accident. Counsel argues that before the officers could be permitted to testify as to the position of the machines at the time of their arrival at the scene of the accident, it was incumbent upon defendant to prove that the position of the automobiles had not been disturbed from the time of the accident to the time of the arrival of the officers.

■ It appears that after the collision the taxicab driver pulled his cab over to the curb south of plaintiff's car; that he next assisted plaintiff out of his car; and that he then went with plaintiff in another cab to a hospital. It also appeared that one Schwanenberg testified that he was about two blocks away at the time of the accident and arrived at the scene not more than a minute after it had occurred, and that at that moment plaintiff's automobile was on the southwest corner against the west curb of Clark Street on the south crosswalk. The officers corroborated Schwanenberg in this respect as to the location of the automobile. The court did not err in admitting their testimony.

■ Plaintiff also claims that the trial court erred in excluding offered testimony that it was a common practice for automobiles at this intersection to make left turns.

The questions calling for determination by the jury, in the instant case, were whether plaintiff was in the exercise of due care for his own safety and the negligence of the defendant.

What others did or were in the habit of doing had no bearing on the issues and would not relieve plaintiff from the duty of exercising due care and caution for his own safety. Chicago, Rock Island & Pacific Ry. Co. v. Clark, 108 Ill. 113.

The only other point pressed upon us is that the court erred in instructing the

jury, counsel for plaintiff insisting that the instruction in effect directed a verdict for the defendant.

The court in substance told the jury that if they found from the evidence that a sign had been placed at the intersection in question prior to the accident and was there at the time of the accident, and that plaintiff had failed to observe the direction of such sign, and that if they found from the evidence such action on his part was negligence which proximately caused the accident in question, then the plaintiff could not recover.

What is the proximate cause of an injury is ordinarily a question of fact, to be considered by the jury from all the attending circumstances, and both parties may have their factual theories submitted to the jury.

The criticized instruction is objectionable in some respects, it is true, but it applied the law to the facts in the case as the evidence tended to prove, and advised the jury that the fact that a sign had been placed at the intersection was one of the facts and circumstances to be considered in order to determine whether plaintiff had been in the exercise of due care and caution for his own safety. Mallen v. Waldowski, 203 Ill. 87, 67 N.E. 409; Carlin v. Grand Trunk Western Ry. Co., 243 Ill. 64, 90 N.E. 201, 134 Am.St.Rep. 354, and Thomas v. Chicago Embossing Co., 307 Ill. 134, 138 N.E. 285.

Finding no reversible error in the record the judgment of the District Court is affirmed.