EDITH M. WILSON, Administratrix of the Estate of THOMAS M. WILSON, v. GUY A. THOMPSON, Trustee of THE MISSOURI PACIFIC RAILROAD COMPANY, a Corporation, Appellant.—133 S. W. (2d) 331.

Division Two, November 22, 1939.

*Thos. J. Cole* and *David E. Blair* for appellant.

*Clarence C. Chilcott* and *Grant Emerson* for respondent.

WESTHUES, C.—Respondent, plaintiff below, obtained a judgment in the sum of $10,000 against appellant Thompson, trustee of the Missouri Pacific Railroad Company, for the death of her husband, Thomas M. Wilson. The trustee duly appealed.

The case was brought under the Federal Employers' Liability Act and the Safety Appliance Act. It was admitted by the defendant that at the time Wilson met his death the train crew of which he was a member was engaged in work directly connected with interstate transportation. Wilson lost his life in a switching movement

in the yards at Paola, Kansas, on June 5, 1935. The points briefed by appellant, on which a reversal of the judgment is sought, pertain in the main to an alleged variance between the allegations of plaintiff's petition and the proof offered by plaintiff and the refusal of instructions on the defendant's theory of the case. The conceded facts with reference to the switching movement in which Wilson was fatally injured may be stated as follows: Two freight cars were standing upon what was termed a passing track. An engine, operated by the crew of which Wilson was a member, kicked a number of cars toward the standing cars on the passing track. Kicking cars, as explained by the witnesses, is done in the following manner: Cars are pushed by an engine until they attain sufficient speed to roll of their own momentum to the point desired; the engine is then uncoupled and the cars are permitted to roll to their destination. When these cars struck the cars which were standing on the passing track Wilson was run over and fatally injured. The disputed question at the trial was whether deceased was riding the leading car of the string of cars which had been kicked or whether he was between the standing cars on the passing track. Plaintiff introduced substantial evidence that Wilson boarded the leading car of the moving cars. Witnesses stated they saw Wilson jerking the lever of the pin lifter; that when the rolling cars were about a car's length or so from the cars standing on the passing track Wilson, with his left hand holding to a rung of the ladder of the car, reached with his right hand toward the coupler; that when the moving cars struck the standing cars Wilson fell. It is appellant's contention that plaintiff in her petition alleged that Wilson was between the standing cars on the passing track, and when the moving cars struck the standing cars Wilson was knocked down and run over. Appellant contends that since the petition alleged that Wilson was between the standing cars, the evidence offered and introduced by plaintiff, over appellant's objection, that deceased was on the moving cars, was inadmissible because fatally at variance with the allegations of the petition. The case was submitted to a jury solely on the theory that the coupler, on the moving car on which Wilson allegedly was riding, was defective and failed to function, and for that reason Wilson reached toward the center of the car for the purpose of opening the coupler.

Plaintiff in her petition charged a number of acts of negligence. An instruction offered by plaintiff and given by the court withdrew all of these charges from the jury save and except the one pertaining to a defective coupler. We are of the opinion that plaintiff offered substantial evidence to sustain a verdict for her upon the theory that the coupling device failed to function, and Wilson, while attempting to adjust the coupler, fell from the car and was injured. The applicable rule was well stated in Kimberling v. Wabash Ry. Co., 337 Mo. 702, 85 S. W. (2d) 736, l. c. 738 (3), where this court said:

"We do not agree with this contention. Plaintiff testified that when the pin was pulled up, the coupling devices were then free to separate if they were working properly. The pin was pulled up, thus placing the coupling devices in a position to separate if they were working properly. Their failure to separate, under the conditions shown, tends to show that such failure was due to some defect in, or improper construction of, the coupler. Both State and Federal courts hold that the test of the observance of the duty imposed by the Safety Appliance Act is the performance of the appliance. In Henry v. Cleveland, C. C. & St. L. Ry. Co., 332 Mo. 1072, 1076, 61 S. W. (2d) 340, 341, we said: 'The test of the observance of the duty imposed by the Safety Appliance Act is the performance of the appliance. A failure of the appliance to work efficiently will sustain a charge that the act has been violated, and render the carrier liable for an injury which results from such failure. The question of negligence in the sense of want of care is not an issue in the case. Where an injury results from the inefficient operation of an appliance, whether or not such inefficiency was due to the negligence of the carrier is wholly immaterial. [Spokane & I. E. Railroad Co. v. Campbell, 241 U. S. 497, 36 Sup. Ct. 683, 60 L. Ed. 1125, 1134; Texas & Pacific Ry. Co. v. Rigsby, 241 U. S. 33, 36 Sup. Ct. 482, 60 L. Ed. 874; San Antonio & A. P. Ry. Co. v. Wagner, 241 U. S. 476, 484, 36 Sup. Ct. 626, 60 L. Ed. 1110.]' "

We need not determine the question of a variance between the allegations of plaintiff's petition and the proof, as the case must be remanded upon another ground. We may note, however, that the allegations of the petition are vague as to whether deceased, when injured, was between the standing cars or on the moving cars. On a retrial the petition can be amended so as to make it definite and certain. Plaintiff in one paragraph of her petition charged that Wilson was between the standing cars and that defendant negligently shunted other cars against these standing cars with great and unusual force, thereby causing the death of Wilson. This charge of negligence was withdrawn from the jury by plaintiff's instructions. The defendant, however, insisted and introduced evidence that Wilson was between the standing cars on the passing track as defendant had alleged. Evidence was also introduced by the defendant that these cars were coupled and were to be moved; that Wilson had no occasion or purpose for going between these cars except to connect the air hose. There was no evidence as to a defective coupler on these standing cars. Defendant also introduced evidence which would justify an inference that Wilson was guilty of negligence in going between the standing cars when the string of cars was moving toward them. Respondent is correct in his contention that negligence is not a bar to a recovery under the Safety Appliance Act, and also that negligence cannot be pleaded and proven in mitigation of damages under

that act. Appellant concedes that to be the law. ■ However, appellant's theory at the trial was, and here is, that Wilson was not on the moving cars at all when he was injured, and the coupling device had nothing to do with deceased's injuries. On the contrary appellant asserts that Wilson went in between the standing cars and when the moving cars struck these cars he was knocked down and fatally injured. If that be true, then under the Federal Employers' Liability Act any negligence on the part of Wilson could be pleaded in mitigation of damages. This the defendant did and in support of this plea introduced substantial evidence. Appellant also offered instructions upon this theory which the trial court refused. The instructions given made no reference to defendant's theory of the case. Appellant assigns as error the refusal of Instruction C. This instruction is not claimed to be erroneous, but it is contended that under the Safety Appliance Act the court rightly refused to give it. However, if the evidence introduced by the defendant be true then the Safety Appliance Act did not control this case. A plaintiff in a personal injury case may withdraw any charges of negligence alleged in his petition and submit his case on any one or more charges supported by evidence, but he cannot thereby compel a defendant to abandon his defense where that defense consists of a plea and proof tending to show that the injured party was not injured at the place or in the manner as alleged by the injured party. The general rule is thus stated in 64 Corpus Juris, section 534, page 597:

■ "A party is entitled to have his theory of the case made by the pleadings and issues presented to the jury by proper instructions, and, although it has been said that the court should not give requested instructions hostile in theory, but should adopt a theory of its own and instruct in accordance therewith, each party is entitled to have his theory submitted to the jury if there is any evidence to sustain it; and the theories of each should be stated with equal clearness and completeness. Defendant is entitled to have his defenses fully and clearly presented to the jury, and this rule has been applied to such defenses as misjoinder of parties and contributory negligence."

See, also, King v. Wabash, 211 Mo. 1, 109 S. W. 671, l. c. 673, 674, where this court said:

"These two instructions properly presented a vital issue in this case. The one was based upon the testimony of one eyewitness and the other upon the testimony of another. Regardless of all other facts in the case, the defendant had the right to have this theory of the case submitted, and the refusal of these instructions was error."

In this case if deceased met his death between the standing cars, then, even though the defendant be liable, negligence on deceased's part, if it contribued to his injuries, could be considered in mitigating the damages. We hold that the trial court should have given de-

fendant's instructions submitting his theory of the case. [Johnston v. Ramming, 340 Mo. 311, 100 S. W. (2d) 466, l. c. 469 (2-4).]

The judgment is reversed and the cause remanded. *Cooley* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.