### RUBIN v. SCHUPP et al.
#### No. 9939.

Circuit Court of Appeals, Ninth Circuit.
April 15, 1942.

George L. Greer, of Los Angeles, Cal. (James V. Brewer, of Los Angeles, Cal., of counsel), for appellant.

Murchison & Clopton, R. Bruce Murchison, John Bricker Myers, and Richard C. Hart, all of Los Angeles, Cal., for appellees.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

Appellee brought an action in the superior court of California for the wrongful death of her two sons, and prayed for damages in the amount of $50,000. Appellee was a resident of Missouri and appellant a resident of Oklahoma. On petition of appellant the case was removed to the federal district court and the jury brought in a verdict for the appellee. Judgment was given for $6,482.50 for the death of her minor son and $1,982.50 for the death of the other son. From this judgment appellant appeals.

The accident out of which the suit arose occurred in Missouri and both parties agree that the Missouri law governs. The two sons of appellee were driving a truck loaded with lumber at the time of the accident. It was struck by a car driven by a friend of appellant, a Mrs. Pullman. With her in the car was appellant's wife and daughter. Both sons were killed, as was the wife of appellant and the friend driving the car.

It is agreed that the law of Missouri provides that the owner of the car is liable only when the car is driven by an agent.[1] There is no liability on the owner when the car is driven by some one not his agent, even though permission to drive is given.

Appellant appeals on the following grounds:

1. There is no proof of agency, hence a directed verdict should have been given as requested.

2. There was no proof that the two sons were in the truck which was involved in the accident.

3. There was no evidence showing that the car driven by Mrs. Pullman proximately caused the accident.

4. That the district court should have refused to entertain the suit because of the difference in remedy between the Missouri statute and the California statute.

The facts shown by the evidence in regard to the accident are as follows: The truck in which were the two sons was coming east on a highway. The driver of appellant's car was going west on the same highway. No one saw the accident occur. The only witness testified that she was riding in a car on this highway, when the car driven by Mrs. Pullman passed her at a speed which she estimated as around 60 miles per hour. Mrs. Pullman then cut back into her own side of the road; she then pulled out on the other side of the road to pass another car. At this point she was in a curve in the road. The car and the truck collided. The witness did not see the impact, but did see the truck in the ditch immediately thereafter. The truck caught fire and burned with its two occupants.

The evidence that the truck was occupied by the sons of appellee was the fact that they were in such a truck as burned and were on the highway in question that day. There is further evidence in the nature of death certificates and badges belonging to the boys found by the burned truck. Appellant's contention that there was no evidence to go to the jury

[1] Sections 3652, 3653, 3654 of Missouri Annotated Statutes, 1939, c. 28, Article 1.

that the two sons were in the truck is not well taken and has no merit.

The main question arising from the facts above is whether there was sufficient evidence of proximate cause. The evidence by the only witness shows that Mrs. Pullman was driving at an excessive speed and attempted to pass a car in the middle of a curve, at which point the accident occurred. This would seem to be sufficient to go to the jury on the question whether the driver's acts were responsible for the accident. The question whether or not the driver of the truck was also negligent is for the appellant to show, which he has failed to do. Both the state and federal rule is that contributory negligence is an affirmative defense and must be pleaded by the defendant. It is not for the plaintiff to show that it was free from such negligence.

The facts concerning the agency for appellant are as follows: Appellant, the owner of the car, was driven from Michigan to St. Louis by a chauffeur. At St. Louis he met his wife and daughter. He then dismissed his chauffeur. His purpose in driving from Michigan was to go to Oklahoma City to see about resuming business there. Appellant testified that he needed his car in Oklahoma City for this purpose. He further testified that he was in a very nervous condition and did not like to ride in a car or drive for very long distances. After his arrival in St. Louis he did not drive at all. While there his wife and a friend persuaded him to let them take the car to Oklahoma City and he take the train. They were to meet him in Oklahoma City on a specified day and to drive directly there as they had just enough time to arrive at the specified time. The accident occurred between St. Louis and Oklahoma City.

Appellant contends that no agency has been shown. He claims that he let his wife and the friend drive the car because they had their own purpose for going to Oklahoma City and they persuaded him to let them take the car. The sole question as to agency is whether there are sufficient facts shown from which a jury could properly draw an inference that agency existed. We cannot hold as a matter of law that there are not.

There are sufficient facts from which the jury could draw the inference of agency. The fact that appellant was going to Oklahoma City on business and needed his car there for his own business is controlling. That he did not drive himself because his wife and her friend persuaded him to let them take the car is of no consequence. They were serving his purpose in driving to Oklahoma City and the fact that they were also serving their own purpose is not material. The reason someone has for becoming one's agent may be for a purpose of his own entirely and not in any way connected with the other's purpose, but he is nevertheless an agent. Similarly, the motives which lead to the employment of an agent are immaterial. The fact remains that appellant had to get his car to Oklahoma City for his business, and he chose to let someone else take it there rather than drive himself. The person he chose to drive it was clearly his agent for the purpose of driving it there.

Appellant's contention that the federal district court should not have entertained the suit because the statute of Missouri is repugnant to public policy in California is without merit. He contends that the California statute allowing recovery against an owner when the driver has permission is so contrary to the policy of Missouri, which requires not only permission but agency, that California would not entertain the suit,—therefore the federal court sitting in California would not entertain such a suit.

We do not agree. The cases in California are clear that the relief given by the foreign state must be so repugnant to the policy of California as declared by its statutes or decisions as to violate some fundamental principle of justice, some prevalent conception of good morals, or some deep-rooted tradition of the common weal.[2] The Missouri statute requiring agency to be proved before recovery is allowed against the owner, is far from being such legislation. It is a stricter rule against such a car owner than in California where the owner's financial responsibility law prevails.[3]

The differences in remedies between the two statutes, such as the amount of damages recoverable and the right to sue and benefit, do not prevent the enforcement

[2] Loranger v. Nadeau, 215 Cal. 362, 366, 10 P.2d 63, 84 A.L.R. 1264; Hutchinson v. Hutchinson, Cal.App., 119 P.2d 214.

[3] California Vehicle Code, sec. 402, St. 1935, p. 153, as amended by St.1937, p. 2353.

of the Missouri statute in California; for appellant nowhere points out how such differences violate fundamental principles of justice or good morals and, as pointed out in Hutchinson v. Hutchinson, supra, a mere difference in the law, whether it be in the enforcement of rights or the creation of rights, is not of itself any reason for refusing to enforce the foreign statute.

Affirmed.