**HOWER v. ROBERTS (two cases).**

**Nos. 13144, 13145.**

Circuit Court of Appeals, Eighth Circuit.

Feb. 26, 1946.

Walter A. Raymond, of Kansas City, Mo. (Al Mendelson, of Kansas City, Mo., on the brief), for appellants.

Paul Sprinkle, of Kansas City, Mo. (William F. Knowles and Sprinkle & Knowles, all of Kansas City, Mo., on the brief), for appellee.

Before GARDNER, WOODROUGH, and JOHNSEN, Circuit Judges.

WOODROUGH, Circuit Judge.

Charles Hower and Katherine J. Hower, his wife, were injured in a single automobile collision and each brought a separate action for damages against Le Roy K. Roberts in the Circuit Court of Jackson County, Missouri, charging that the accident was caused by defendant's negligence. The cases were removed to the Federal court on the ground of diversity of citizenship and jurisdictional amount involved. As the actions arose out of the same collision they were consolidated for trial. Judgment in each case was for defendant and each of the plaintiffs appeals. The appeal is before us on a single record and the cases are argued together.

Turning our attention first to case No. 13,145, we observe at the outset that the interest of the wife, who was the plaintiff, was not in all respects identical with that of the husband who was the plaintiff in No. 13,144, and it would perhaps have been better had the plaintiff in each case been represented by separate counsel so that each plaintiff would have been assured against prejudice from conflict of interest.

■ The sole question presented involves the propriety of the District Court's refusal of a requested instruction for plaintiff Katherine J. Hower on the issue of concurrent negligence, and in determining this question we view the evidence in the light favorable to her. See Wilson v. Thompson, 345 Mo. 319, 133 S.W.2d 331; Klas v. Yellow Cab Co., 7 Cir., 106 F.2d 935.

■ On the evening of June 18, 1944, plaintiffs were returning to Kansas City after having spent the day with relatives in Savannah, Missouri. They were traveling south in a Ford truck on Highway 71. Plaintiff Charles Hower was driving and his wife was seated to his right in the cab of the truck. As Highway 71 approaches

its intersection with Highway 69 one branch turns to the east and another to the west into Highway 69 which runs east and west, forming a Y with the stem to the north and the branches to the southeast and southwest. On Highway 69 and at a point about 15 feet west of Highway 71 was a large stop sign directed to motorists traveling east on Highway 69. Under Missouri law the stop sign did not oblige a motorist to stop at the intersection under all circumstances and defendant was required to stop only if traffic was such that in the exercise of prudent judgment he should do so. The sign was merely a signal of danger, or, in other words, a warning sign. Highway 71 is downgrade to the south toward Highway 69 until almost to the intersection and then levels off.

Defendant approached the intersection in a Chevrolet sedan from the west on Highway 69. The brakes and steering gear of the Chevrolet were in good working order. The collision occurred between 8 and 9 o'clock on a dry, clear evening and there was no obstruction to the vision of either driver.

Plaintiffs approached the intersection behind other vehicles and, although there was conflict as to the speed of both the car and the truck, plaintiffs' testimony indicated that they were traveling about 35 miles per hour. A car immediately ahead of plaintiffs signalled for a right turn on the branch leading to Highway 69 and Mr. Hower slowed his truck to about 25 miles per hour and continued south on Highway 71. He looked west and observed defendant's automobile 140 to 160 feet west of Highway 71. Because of other traffic he did not again look to the right until it was too late to avoid the collision which occurred in the southwest corner of the intersection. The automobile struck the truck on the right side over the cab door. Neither driver sounded a horn or gave any other warning of his approach.

Mrs. Hower testified that she looked to the west when the truck was about 80 feet north of Highway 69 and observed defendant's car, which in her judgment was about twice as far from the intersection as the truck. She testified that she supposed defendant would stop for the stop sign and that she gave no warning to her husband of the approach of defendant's car. She looked west again when the truck was entering the intersection and defendant's car was passing the stop sign. She testified that

after the accident and while the parties were being removed in an ambulance, defendant said, "I ran through that Stop sign."

Defendant testified that he observed the truck just before the beginning of the Y but that he believed the truck would turn down the left hand side of the curve of the Y and did not again look north until the truck was within 10 feet of him. He admitted that the truck entered the intersection first and stated that although he did not stop for the stop sign, he did stop momentarily before he reached the sign and at a point 50 feet west of Highway 71 in order to observe a highway marker, and that he did not deem it necessary to stop the second time.

A preliminary question arises concerning whether the oral request for a concurrent negligence instruction was sufficient and whether the refusal of the request is preserved for review. The charge given in effect authorized recovery by plaintiffs if their injuries resulted from the sole negligence of defendant and authorized a verdict for defendant if the injuries resulted from the sole negligence of plaintiff Charles Hower, or if the accident occurred notwithstanding absence of negligence on the part of defendant. After the charge was given, plaintiffs' attorney stated that he had no objection thereto. Defendant's attorney requested a charge on contributory negligence and the request was denied. Thereafter the following colloquy took place between plaintiffs' counsel and the court:

"Mr. Mendelson: I want to make one request, to ask the Court to instruct the jury that the plaintiff, Mrs. Hower, could recover regardless of whether or not her husband, the plaintiff Mr. Hower, was negligent if the jury finds that his negligence concurred with the negligence of the defendant.

"The Court: Now, that would be proper if I were instructing on contributory negligence. Then I would say there was no imputed negligence to her. But since I have eliminated both, then I couldn't give that instruction because that would be inconsistent to give that. So I will refuse that instruction too."

No further request or objection was made by plaintiffs.

While it would have been the better practice to have submitted a written instruction on concurrent negligence at the close of the evidence, Rule 51, Federal Rules of

Civil Procedure, 28 U.S.C.A. following Section 723c, does not specifically require such procedure. Swiderski v. Moodenbaugh, 9 Cir., 143 F.2d 212; Peterson v. Sheridan, 8 Cir., 115 F.2d 121.

 A more serious question is presented by the failure of counsel to object to the refusal of the instruction or to explain more fully his contention in regard to the instruction. It is clear, however, that the trial judge fully understood the request and refused it on the theory that such an instruction would be inconsistent with his submission of the case on the single issue of sole negligence of one driver or the other and his refusal of an instruction on contributory negligence.

The purpose of Rule 51 is to inform the trial judge of possible errors and give him an opportunity to correct them, and it is sufficient if the point urged on appeal was called to the attention of the trial court in such manner as clearly to advise it as to the question of law involved. Williams v. Powers, 6 Cir., 135 F.2d 153. In Alcaro v. Jean Jordeau, 3 Cir., 138 F.2d 767, at page 771, the court said:

"Rule 51 is designed to preclude counsel from assigning for error on appeal matter at trial which he did not fairly and timely call to the attention of the trial court. However, there is no good reason for applying the rule so indiscriminately as to prevent counsel from pointing out on appeal matter which he did endeavor to identify to the trial court and which he had reason to believe the court fully apprehended when granting an exception."

In King v. Mutual Benefit Health & Accident Association, 8 Cir., 120 F.2d 296, relied on by defendant, we held that we could not consider alleged error in the instructions where appellant failed to point out distinctly to the District court the instructions complained of and did not present in an understandable way to the District court the criticism presented on appeal. In Mill Owners' Mutual Fire Insurance Co. v. Kelly, 8 Cir., 141 F.2d 763, 766, we held that even if plaintiff was entitled to a submission of the case on a theory more favorable to it than that embodied in the court's instructions, there could be no reversal of the judgment for defendants where plaintiff failed to present adequately to the trial court "either by requests for instructions or by objections to the in-

structions given" the theory which it contended on appeal was the correct one.

We hold that the theory on which plaintiff in No. 13,145 now relies was sufficiently brought to the attention of the trial court, and that under the circumstances herein the refusal of the instruction is preserved for review.

 The defendant does not take issue with plaintiffs' contentions relating to the substantive law of Missouri regarding imputed and concurrent negligence but insists that the doctrine of concurrent negligence was not within the issues made up by the pleadings and proof and cites Federal cases to the general effect that instructions must be applicable to the issues raised. But a reference to Missouri law is necessary to determine whether the requested instruction was within the issues raised. Under that law either of two joint tort-feasors whose negligence injures a third person may be held liable for that injury to the same extent as though his negligence alone caused it, even though such negligence alone would not have produced the injury. State ex. rel. Hauck Bakery Co. v. Haid, 333 Mo. 76, 62 S.W.2d 400; Miller v. Union Pac. R. Co. 290 U.S. 227, 54 S.Ct. 172, 78 L.Ed. 285. See also 38 Am.Jur., Negligence Sec. 64 at page 719, and cases cited under note 18.

 It was not contended that plaintiffs were engaged in a joint enterprise, nor that the wife was other than a mere guest at the time of the collision. The plaintiffs were returning from a visit with relatives and the wife did not have the right of joint control of the truck. In fact, the evidence disclosed that she could not drive an automobile. Under these circumstances negligence of the husband could not be imputed to the wife. Allen v. Chicago B. & Q. R. Co., 313 Mo. 42, 281 S.W. 737; Corn v. Kansas City, C. C. & St. J. R. Co., Mo. Sup., 228 S.W. 78.

 We now consider whether the pleadings and evidence were in such a state that an instruction on concurrent negligence on behalf of the wife was proper. The plaintiffs each alleged that at the time of the collision the truck was operated in a careful and prudent manner and that the collision occurred by reason of the negligent manner in which defendant operated his car. Defendant's answers denied negligence and stated that any injury to plaintiffs was due solely to negligence of plain-

tiff Charles Hower in the operation of his truck. The answer in Case No. 13,145 charged negligence of Mrs. Hower in failing to warn her husband of the presence of defendant's car in such time that he could avoid the collision. The allegation in Mrs. Hower's petition that her husband was operating his truck in a careful and prudent manner was unnecessary and may be treated as surplusage. Proof of negligence on the part of plaintiffs was a burden imposed on defendant. Rubin v. Schupp, 9 Cir., 127 F.2d 625; Hudson v. Wabash Western R. Co., 101 Mo. 13, 14 S.W. 15.

■ Nor was it necessary for Mrs. Hower to plead or proceed on the theory of concurrent negligence in order to entitle her to the benefit of that doctrine. She was entitled to proceed against defendant on the theory that he alone caused her injury. Danzansky v. Zimbolist, 70 App.D.C. 234, 105 F.2d 457; Bragg v. Metropolitan Street R. Co., 192 Mo. 331; 91 S.W. 527. See also Schlemner v. McGee, Mo. Sup., 185 S.W.2d 806. In the Danzansky case, supra, the court said [105 F.2d 459]:

"Appellant contends, however, that because appellee 'elected to file her action upon the theory that the defendant (appellant) is solely responsible for her injury, she is not entitled to a submission to the jury on the theory of concurrent negligence.' But appellant misconceives the principle of concurrent negligence. As the court said in Bragg v. Metropolitan St. R. Co., 192 Mo. 331, 359, 360, 91 S.W. 527, 536, in overruling a contention similar to the one now urged: 'In this class of cases, contributing to the injury on the part of a tort feasor is, in the eye of the law, precisely the same as causing it. No gradation is tolerated. To say that A. and B. contributed to the injury of C. is one and the same thing as saying that A. caused the injury and B. did, too. The instruction struck at put it to the jury both ways and was well enough.' Properly read, Campbell v. District of Columbia, 64 App.D.C. 375, 78 F.2d 725, relied upon by appellant, is not inconsistent with the foregoing statement. Although the declaration in that case did not allege concurrent negligence, we stated the applicable rule to be that if there was evidence of such negligence it would be reversible error to charge the jury that the plaintiffs, in order to recover, must establish by a preponderance of the evidence that the negligence of the defendant 'was the sole and proximate cause of the accident.'"

■ The evidence summarized herein would have justified a finding that both drivers were negligent and the court submitted the question of defendant's negligence in failing to keep a proper lookout and in failing to stop for the stop sign. In the circumstances, Mrs. Hower was entitled to an instruction that she could recover notwithstanding her husband's negligence if his negligence concurred with that of defendant to cause her injury. Such an instruction would not, as contended by defendant, have injected a false issue into the case. The refusal of the instruction was prejudicial error and the judgment in case No. 13,145 must be reversed.

■ The contention in case No. 13,144 is that reversal of the judgment in the wife's case must carry with it reversal of judgment in the husband's case to prevent miscarriage of justice, and that the instructions given erroneously placed on the husband the burden of proving that neither he nor his wife was guilty of negligence. However, he made no objection to the instructions given nor request for additional instructions. The request for an instruction on concurrent negligence was expressly limited to the wife's case. Furthermore, the evidence would not have justified the jury in finding that Mrs. Hower was negligent but that her husband was not. It must be remembered that Mr. Hower testified that he observed defendant's antomobile when it was 140 to 160 feet west of Highway 71, and he was therefore as aware of its presence as if his wife had warned him of that fact. We are convinced that the jury was not misled into finding against Mr. Hower because of any negligence of his wife. On the other hand, it is quite possible that Mrs. Hower was denied recovery because the jury found that her husband was negligent. She was entitled to submission of her case in a manner that would not preclude recovery by her because of negligence of her husband, if his negligence and that of defendant concurred to produce the injury.

Judgment in No. 13,144 affirmed.

Judgment in No. 13,145 reversed and cause remanded for new trial.