NEW YORK CENTRAL RAILROAD CO. *v.* VERKINS.

[No. 18,520.   Filed October 29, 1954.   Rehearing denied December 3, 1954.   Transfer denied March 8, 1955.]

*Gray & Waddle,* of Petersburg, for appellant.

*John H. Jennings,* of Evansville, for appellee.

ROYSE, J.—Appellee brought this action against appellant for damages sustained by her when the automobile in which she was riding as a passenger was in a collision with a train operated and owned by appellant. The allegations of negligence in the complaint are as follows:

"1. That said train was travelling at a high and dangerous rate of speed of in excess of 60 miles per hour.

"2. That said defendant negligently and carelessly failed to give any warning of any type of the approach of said train toward said crossing.

"3. That none of the said servants, agents and employees upon said train kept any lookout of any type for said crossing."

Trial to a jury resulted in verdict in favor of appellee for $20,000. Judgment accordingly.

The first error assigned here is the overruling of appellant's motion for a new trial. In view of the conclusion we have reached it is only necessary to consider the third specification of the motion for a new trial, that the trial court erred in refusing to give appellant's Instruction G. This instruction is as follows:

"The Court instructs the Jury to find for the defendant upon the following allegation of negligence contained in plaintiff's complaint.

"That none of the said servants, agents and employees upon said train kept any lookout of any type for said crossing."

Appellant contends there is not a scintilla of evidence in the record to sustain this charge of negligence. The only evidence relied upon by appellee to sustain

this charge is the testimony of one witness who said he was driving an automobile along a public highway which ran parallel with the railroad tracks and was about 150 feet from said tracks. He said he saw two men in the cab of the engine after the accident who were apparently talking and laughing and it was his conclusion "they didn't know they had hit anyone." There was positive uncontradicted evidence that the fireman saw the automobile about one hundred feet before the accident and signalled the engineer who immediately applied the brakes.

It is well settled that it is reversible error for a trial court to refuse to give an instruction withdrawing an issue from the jury when there is no evidence to support such issue. *Jarrett et al.* v. *Ellis* (1923), 193 Ind. 687, 141 N. E. 627; *Huntington et al.* v. *Hamilton, etc. et al.;* v. *Hanna, Judge* (1946), 118 Ind. App. 88, 73 N. E. 2d 352 (Transfer denied); *Hamling, Executor et al.* v. *Hildebrandt et al.* (1948), 119 Ind. App. 22, 81 N. E. (2d) 603 (Transfer denied); *Chicago, South Shore and South Bend Railroad Company* v. *Pacheco* (1932), 94 Ind. App. 353, 361, 181 N. E. 7; *Trumbo et al.* v. *Chicago, Burlington & Quincy R. Co.* (1945), 389 Ill. 213, 59 N. E. 2d 92, 95.

We are of the opinion the evidence relied upon by appellee, being merely the conclusion of a witness, had no probative value whatever and leaves the charge of negligence herein referred to wholly without proof.

Judgment reversed, with instructions to the trial court to sustain appellant's motion for a new trial.

### On Petition for Rehearing

Royse, P. J.—Appellee, in her petition for rehearing, asserts we erred in holding it was error for the trial

court to refuse to give appellant's instruction G (set out in our original opinion) which instructed the jury to find for appellant on the allegation in the complaint that it failed to keep any lookout for said crossing. She asserts the only proper way this question can be raised "is to request the trial court to *withdraw* the issue from the jury." She asserts the authorities we cited were where the court refused to withdraw the issue from the jury. Second, she says if there was error it was invited error because appellant tendered instructions on this subject.

While there may be some authority tending to support appellee's first contention, we do not believe it has merit. The ultimate effect of withdrawing an issue from the jury and directing it to find for the defendant on such issue is the same. However, even if the refusal to give such was not error, it would not change the result herein. The trial court refused to give appellant's tendered instruction No. 7 which withdrew that issue from the jury's consideration.

A re-examination of instructions tendered by appellant discloses it did not tender an instruction on the question of keeping a lookout. The instructions which appellee asserts did were general instructions on the burden which was upon her to sustain the material allegations of the complaint.

Petition for rehearing denied.

NOTE.—Reported in 122 N. E. 2d 141.
Rehearing denied 122 N. E. 2d 738.