Evelyn **LUNDBERG**, Administratrix of the Estate of Stanley A. Lundberg, Deceased, Plaintiff-Appellant,

v.

**ROSE FUEL & MATERIALS, INC.,** Defendant-Appellee.

No. 13521.

United States Court of Appeals Seventh Circuit.

April 23, 1962.

Rehearing Denied May 23, 1962.

Benjamin Piser, South Bend, Ind., George S. Keller, Niles, Mich., R. Kent Rowe, South Bend, Ind., for plaintiff-appellant.

James J. Stewart, Indianapolis, Ind., William E. Mills, South Bend, Ind., for defendant-appellee.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and KILEY, Circuit Judges.

KILEY, Circuit Judge.

This is a diversity wrongful death action based on a collision between defendant's tractor trailer and a passenger automobile driven by plaintiff's decedent. Verdict and judgment were for defendant, and plaintiff has appealed.

The collision occurred about 5:30 a. m. on State Road No. 219, a two-lane highway, south of its junction with State Road No. 20 near Osceola, Indiana. The tractor trailer was north bound in the east lane and decedent's car south bound in the west lane. Decedent and his two passengers were killed instantly.

The only question on appeal is whether the District Court committed reversible error in refusing to give instructions upon plaintiff's theory that the collision occurred because defendant's driver negligently failed to keep a proper lookout, proximately causing the death of plaintiff's decedent.

Plaintiff tendered two instructions on its theory. One was a general statement of the duty of an operator of a motor vehicle to maintain a reasonable lookout "for other traffic on the highway," and that failure to do so was negligence. The other instruction was peremptory, applying the general rules to the case at bar.

The District Court found no evidence to support the proffered instructions. We think this was error. Taking as true the evidence favorable to plaintiff and drawing legal inferences in her favor, Hower v. Roberts, 8 Cir., 153 F.2d 726, 727 (1946), we find evidence to support plaintiff's theory of failure of defendant's driver to maintain a proper lookout. It follows that plaintiff was entitled to have the instructions given on that theory. Montgomery v. Virginia

Stage Lines, U.S.App.D.C. 213, 191 F.2d 770, 772 (1951); Klas v. Yellow Cab Co., 7 Cir., 106 F.2d 935, 937 (1939). For the reasons given hereinafter, we need not detail the evidence supporting the instructions.

█ Despite the conclusion that the District Court erred in refusing to give the instructions proffered by plaintiff on "proper lookout," the judgment must be affirmed.

The basic factual question at the trial was whether decedent, under defendant's theory, was in the wrong north bound lane just before the collision so as to give rise to an emergency in which the truck driver had to decide within three seconds how to avoid decedent's car coming toward him on a collision course; or whether decedent's car, under plaintiff's theory, was in the right south bound lane into which the fatigued truck driver, failing to keep a proper lookout, veered into the wrong south bound lane.

The jury was properly instructed on the law of Indiana on this question, that is, a person who drives on the wrong side of a highway is guilty of negligence unless he shows justification or excuse. Burns Ind.Stat. § 47–2010 (1961 Supp.); Gamble v. Lewis, 227 Ind. 455, 85 N.E.2d 629, 633 (1949); Freeport Motor Cas. Co. v. Chafin, Ind.App., 170 N.E.2d 819 (1960).

In special interrogatories the jury found that decedent's car was at some time in the wrong north bound lane as it "approached the scene," and that "immediately before the collision" he turned his car from the north bound lane "on to or across the center line;" and that defendant's driver turned to "his left onto or across the center line * * * immediately before the collision." These interrogatories are founded on testimony of the truck driver and his testimony gives substantial support to the affirmative answers. The jury presumably found decedent on the wrong side of the road and no showing is made of justification or excuse.

The special finding, not contested as such here, definitively locates decedent "immediately" before the collision on the wrong side of the road. This means that the jury gave greater credibility to the truck driver's testimony than to that of Goss, plaintiff's principal witness. The testimony of Goss supported her theory that decedent was on the right side of the road for the entire interval of three seconds after the truck driver "crested" a hill, south of the scene, and saw decedent's headlights for the first time.

This being so, the question of "proper lookout" is inconsequential. That theory of negligence presupposes that the truck driver did not see decedent's car in the south bound lane and veered into it without "justification or excuse." But the jury decided decedent's car was not in the south bound lane until he turned it from the north bound lane as the truck driver, in a quick response to the emergency decedent created, also turned into that lane.

We conclude that the District Court's error is not ground for a retrial, since we have decided that the error does not affect a substantial right of plaintiff.[1]

The judgment is affirmed.

HASTINGS, Chief Judge.

I concur in the result reached in this case.

I do not agree that the trial court erred in refusing to give plaintiff's tendered instructions Nos. 9 and 10. No. 9 merely is an abstract statement of the law that the operator of a motor vehicle upon a public highway is required to maintain a reasonable lookout for other traffic on the highway and that failure to do so would constitute negligence. No. 10 is a peremptory instruction based upon the same rule applied to this case.

The jury answered three special interrogatories favorably to defendant, as follows:

"Interrogatory Number 1:

"As the passenger car operated by the deceased approached the scene of

1. Fed.R.Civ.P. rule 61, 28 U.S.C.A.

the accident, was it at any time in the northbound lane of traffic?

"Yes.

"Interrogatory Number 2:

"If your answer to the foregoing interrogatory is in the affirmative, did the deceased immediately before the collision turn his motor vehicle from the northbound lane of traffic on to or across the center line of the highway?

"Yes.

"Interrogatory Number 3:

"Did the defendant's driver turn to his left onto or across the center line of the highway immediately before the collision?

"Yes."

I agree with the trial court that the instructions with respect to lookout should not have been given for the reason that there is no evidence in the record and no special issue raised by the pleadings tendering the issue of "reasonable lookout" for the jury to pass upon. This was well settled in Indiana in N. Y. Cent. R. R. Co. v. Verkins, 125 Ind. App. 320, 122 N.E.2d 141, on petition for rehearing, 122 N.E.2d 738 (1954). Indeed, in that case the court held it reversible error to deny an instruction withdrawing the issue of lookout from the jury.

■ Assuming, *arguendo*, that Instructions Nos. 9 and 10 were proper, and should have been given, then I agree that the failure to do so was not prejudicial error under the facts of this case.

This appeal presents a clear case of contributory negligence as a matter of law on the part of plaintiff's decedent, and under these circumstances plaintiff may not recover. Gamble v. Lewis, 227 Ind. 455, 463, 85 N.E.2d 629, 634 (1949). Cf. Lee v. Terminal Transport Company, 7 Cir., 269 F.2d 97, 99 (1959).

In another Indiana diversity case, where a skidding truck created an emergency situation and defendant's driver was charged with failing to observe it coming across the highway, we held that as a matter of law defendants were not guilty of actionable negligence. Martin v. United Moving and Storage Company, 7 Cir., 262 F.2d 596, 600 (1959).

SCHNACKENBERG, Circuit Judge (dissenting).

■ Judge Kiley recognizes that there was evidence to support two instructions tendered by plaintiff which would have informed the jury of the duty of an operator of a motor vehicle to maintain a reasonable lookout for "other traffic on the highway" and that failure to do so would be negligence. He admits that the district court erred in rejecting these instructions, and I agree with that conclusion.

However, with such evidence admittedly in the record, the answers made by the jury to three special interrogatories, referring to the movement of decedent's car into the "wrong" lane and back into the "right" lane, indicate that the ultimate question of which driver caused the collision presented to the jury a particularly difficult question. Therefore plaintiff was entitled to have the law applicable to that situation presented to the jury in the two instructions which were rejected by the court. I agree with Judge Kiley that the rejection was error but I do not agree that it was not prejudicial. It destroyed plaintiff's chance for recovery. It left the jury groping in the dark as to the law applicable to a sensitive part of the case. The answers to the interrogatories are not inconsistent with a verdict for plaintiff.

I would reverse and remand for a new trial.