BUTTON *v.* PENNSYLVANIA RAILROAD COMPANY.

[No. 17,298.   Filed November 10, 1944.   Rehearing denied December 19, 1944.]

. *George S. Stewart* and *Raymond Demaree,* both of Indianapolis, for appellant.

*Arthur L. Gilliom, Elbert R. Gilliom, Robert D. Armstrong* and *Karl J. Stipher;* all of Indianapolis, for appellee.

CRUMPACKER, J.—The appellant brought this action to recover damages she claims to have sustained by reason of the alleged negligence of the appellee. Her complaint is in two paragraphs to each of which a demurrer for want of facts was sustained and, upon her refusal to plead further, judgment was entered that

she take nothing and that the appellee recover its costs. This review is concerned solely with alleged error in sustaining such demurrers.

The appellee's railroad runs in a general northerly and southerly direction through the City of Columbus, Indiana, and at a point about 4½ miles south of said city, U. S. Highway No. 31 approaches said railroad from the northeast to within 35 or 40 feet thereof where it curves to the south and thence runs parallel with the railroad tracks. On the 22nd day of December, 1940, the appellant was riding in an automobile driven by her husband in a southwesterly direction along and over said highway; and as she reached the curve above mentioned one of the appellee's trains traveling in a southerly direction overtook said automobile and enveloped it in a dense cloud of smoke whereby the driver thereof became blinded to the extent that he could not follow the curve in said highway and ran said automobile off the west side thereof and into a utility pole some six or eight feet off the pavement, as a result of which appellant suffered personal injuries.

The negligence charged in the first paragraph of the complaint is to the effect, "That beginning at a point on said railroad track about a half mile or more north of a point opposite said curve in said highway, large quantities of highly volatile coal were unnecessarily thrown into the firebox of said locomotive and upon the fire contained therein, thereby preventing proper combustion of said coal, resulting in great clouds of dense smoke being emitted from the smokestack of said locomotive," which settled and covered the ground for a distance of 80 to 100 feet east of the tracks and that, as said train traveled southward, the appellee knew said smoke would "fall upon and cover said curve in said highway when said engine reached a point on said

railroad tracks opposite said curve, unless said smoke was checked in the meantime." Said paragraph of the complaint further alleges that the appellee knew or, in the exercise of reasonable care should have known, that said automobile and its occupants "were approaching a curve in said highway and that said smoke from said engine would cover said curve," thereby producing a condition unusually hazardous to travel, but notwithstanding such knowledge, actual or constructive, the appellee continued to so fire its locomotive and failed to use a certain mechanical device with which said locomotive was equipped, which device was designed to and would have eliminated, if used, said dense smoke.

By its demurrer the appellee asserts that the above facts show no legal duty owing by it to the appellant or that anything it did or failed to do was a proximate cause of the accident in controversy. We think it is settled law in this State and elsewhere that a railroad company owes no legal duty to travelers on adjacent highways, when pulling a train through the country, to refrain from the usual and ordinary firing of its locomotive even though dense clouds of smoke will be discharged into the air and settle over such adjacent highway as a result thereof. In an early case this court said:

> "The evidence in the case at bar clearly shows that the discharge of the smoke which settled down in front of appellant's horse and frightened it was not caused to be so discharged from the engine on account of any carelessness or negligence of said company or its employees, but that it was the ordinary and natural result from placing coal on the fire in said engine, as was necessary in the operation and running of the same; that after said smoke had left said engine it was controlled by the air or atmosphere and caused to drift in the direction of appellant's horse.

"In the case of *Lamb* v. *Old Colony R. R. Co.,* 140 Mass. 79, it was said that a traveler on a road running parallel with a railroad has no cause of action against the railroad company for injuries caused by his horse taking fright from smoke by coaling up an engine coming in an opposite direction.

"It is clear in this case that the fright of the horse was not due to any negligence on the part of the company." *Leavitt* v. *The Terre Haute and Indianapolis Railroad Company* (1892), 5 Ind. App. 513, 31 N. E. 860.

The Lamb case, to which the court refers as above, uses this language in stating the principle:

"The ruling was that upon the whole evidence the plaintiff could not recover. We think that this ruling was right, because the evidence was not sufficient to prove that the defendant was negligent. The defendant had a right to run its trains on its railroad adjoining the highway, and was not responsible to travelers on the highway for the consequences of noise, vibration, or smoke caused by the prudent running of its trains. *Favor* v. *Boston & L. R. Co.,* 114 Mass. 350.

"The smoke which frightened the plaintiff's horse was occasioned by firing up the engine,—that is, tending the fire, or adding coal to it,—the ordinary effect of which is to occasion the emission, for a short time, of very black, dense smoke from the smoke-stack."

The holdings are similar in *Hunt* v. *Southern Ry. Co.* (1916), 236 F. 157; *The Louisville, New Albany and Chicago Railway Co.* v. *Schmidt, etc.* (1892), 134 Ind. 16, 33 N. E. 774; *Lake Shore, etc., R. Co.* v. *Butts* (1902), 28 Ind. App. 289, 62 N. E. 647; *Fink* v. *Cleveland, etc., R. Co.* (1914), 181 Ind. 539, 105 N. E. 116; *Pittsburgh, etc., R. Co.* v. *Lamm* (1916), 61 Ind. App. 389, 112 N. E. 45.

The above decisions, however, all hinge upon the principle that a railroad company has no legal duty

to prevent the emission of such smoke as is *necessary* and *incident* to operation of its trains.

In the case before us there is a positive allegation that the continuous firing of the appellee's engine from the time it was a half mile or more away from the place of the accident until it was opposite thereto was *not necessary*. For present purposes we must accept that allegation as an established fact. We must further accept as true the allegations of the complaint to the effect that the appellee knew, or could have known in the exercise of ordinary care, that the appellant's automobile was in the act of traversing said curve in the highway and that if the appellee continued to so fire its locomotive, or failed to use the preventive device at hand, said curve would be enveloped in a dense cloud of smoke which would render it unsafe and hazardous to travel. Surely, under such circumstances, the failure of the appellee to desist in the performance of an unnecessary act, knowing that thereby the vision of a traveler on the highway will be obscured while in the act of driving an automobile around a curve, was not such conduct as ordinarily regulates the actions of reasonable men.

While it is true that the emission of smoke that is *necessary* and *incident* to the proper operation of the locomotive involved is nothing that can be complained of, it is equally true that the *unnecessary* firing of such locomotive at a time and place where the consequent clouds of smoke will subject travelers using public highways in the vicinity to unreasonable risks or to conditions that are unnecessarily dangerous, constitutes negligence. *Pitcairn* v. *Whiteside* (1941), 109 Ind. App. 693, 34 N. E. (2d) 943. It all resolves itself down to the fundamental doctrine that one is entitled to the reasonable use of his property even

if such use incidentally injures another, but liability for the injury arises when such injury is caused by the unreasonable use of such property in a manner the user should have reasonably anticipated would result in damage to another. *Rock Oil Co.* v. *Brumbaugh* (1915), 59 Ind. App. 640, 108 N. E. 260.

The next question raised by the demurrer goes to the foreseeability of this particular accident as the proximate result of the appellee's conduct. It is contended by the appellee that: "It is not within ordinary prevision that smoke emitted from the engine of a passenger train moving rapidly through the open country side might cause the automobile in which appellant was riding to run off the pavement of the highway and collide with a utility pole. No reasonable person operating a passenger train along a highway in the country could have anticipated that." That foreseeability is an essential element of proximate cause and that no liability exists for an injury that could not reasonably have been anticipated as the proximate result of one's conduct, is no longer a matter of debate in Indiana. *Dalton Foundries* v. *Jeffries* (1943), 114 Ind. App. 271, 51 N. E. (2d) 13; *Swanson* v. *Slagal, Administratrix* (1937), 212 Ind. 394, 8 N. E. (2d) 993; *Indiana Service Corporation* v. *Johnston* (1941), 109 Ind. App. 204, 34 N. E. (2d) 157; *McIntosh* v. *Pennsylvania R. Co.* (1942), 111 Ind. App. 550, 38 N. E. (2d) 263. "Mischief, which could by no reasonable possibility have been foreseen, and which no reasonable person would have anticipated, cannot be taken into account as a basis upon which to predicate a wrong." *The Wabash, St. Louis and Pacific Railway Co.* v. *Locke, Administrator* (1887), 112 Ind. 404 at p. 113, 14 N. E. 391. Pollock, in his book on Torts, p. 36, expresses the rule thus: "Now a reasonable man can be guided only by

a reasonable estimate of probabilities. If men went about to guard themselves against every risk to themselves or others which might by ingenious conjecture be conceived as possible, human affairs could not be carried on at all. The reasonable man, then, to whose ideal behavior we are to look as the standard of duty, will neither neglect what he can forecast as probable, nor waste his anxiety on events that are barely possible. He will order his precaution by the measure of what appears likely in the known course of things."

It is apparent, of course, that the appellee in the present case could not reasonably have anticipated that the automobile in which the appellant was riding when enveloped with smoke, would run off the road and collide with a telephone pole, but we think that is too narrow an application of the rule. To make one liable for negligence it is not necessary that he should have foreseen the particular or precise injury that in fact occurred. If he negligently created a condition from which he might reasonably have anticipated a certain class of injuries might very likely result, and if the resulting injury was of such class, his negligence is actionable. *Dalton Foundries* v. *Jeffries, supra; Swanson* v. *Slagal, Administratrix, supra; McIntosh* v. *Pennsylvania R. Co., supra; Tabor* v. *Continental Baking Company* (1942), 110 Ind. App. 633, 38 N. E. (2d) 257; *Baltimore, etc., R. Co.* v. *Slaughter* (1906), 167 Ind. 330, 79 N. E. 186.

The complaint alleges that the highway involved "is a heavily traveled one at all times of the day and night" of which fact the appellee was fully aware. That to cover a curve in such highway with a dense cloud of smoke, through which travelers cannot see, might result in a traffic accident, as Pollock says, "appears likely in the known course of things." The injury that actually

befell the appellant without doubt can be classified as a traffic accident and thus was reasonably foreseeable.

The second paragraph of the appellant's complaint counts for recovery on the doctrine of the last clear chance. We are of the opinion that the demurrer thereto was properly sustained. The practical import of the doctrine of last clear chance is that a negligent defendant is held liable to a negligent plaintiff if the defendant, aware of the plaintiff's peril, had in fact a later opportunity than the plaintiff to avoid the injury. *Chesapeake & O. Ry. Co.* v. *Williams* (1943), 114 Ind. App. 160, 51 N. E. (2d) 384; 38 Am. Jr. 900, §215.

After an analysis of Indiana decisions, this court said in the Chesapeake and Ohio case just cited, "the doctrine of last clear chance applies to permit a recovery by the plaintiff where the danger threatening him was actually discovered by the defendant, and, under the circumstances surrounding the particular case, the peril ought to have been realized by the defendant, in the exercise of ordinary care, in time to have averted the accident, notwithstanding the plaintiff was physically able to escape the danger until the instant before the impact and was guilty of continuous and concurrent negligence in that he remained oblivious of his own danger, which it was his duty to discover and realize." It is obvious that the doctrine of last clear chance has no place in a controversy in which (1) the plaintiff was not negligent, and (2) the defendant had no actual knowledge of the plaintiff's peril. But the doctrine of last clear chance is one of evidence and not of pleading and the failure of the complaint to plead facts showing negligence on the part of the plaintiff is not fatal. *Pfisterer* v. *Key* (1941), 218

Ind. 521, 33 N. E. (2d) 330; *Union Traction Co.* v. *Bowen* (1915), 57 Ind. App. 661, 103 N. E. 1096.

In her reply brief the appellant says: "The facts alleged in the second paragraph of appellant's complaint show that appellant was in a perilous position and that appellee's servants saw and knew this in ample time in the exercise of due care to have removed the cause of her peril before she was injured. These allegations invoke this doctrine." This is not a wholly accurate resume of the pleading from which we quoted as follows: "That said servants of the defendant in charge of said train saw plaintiff and the automobile in which she was riding, or by the exercise of reasonable care could have seen such, as said train approached the north end of said curve, and then and there saw and knew, or by the exercise of reasonable care could have seen and known, that said automobile and its occupant were approaching a curve in said highway and that said smoke from said engine would cover said curve in said highway and would obscure the vision of occupants of said automobile including plaintiff." The above allegations, if held sufficient, would permit the appellant to recover on the theory of last clear chance, even though the evidence should disclose that the appellee had no actual knowledge of the appellant's peril. Such is not the law in Indiana. Such doctrine permits recovery for the breach of a special duty owing to a negligent plaintiff which special duty arises only when the defendant has actually discovered the plaintiff in a position of peril or about to put himself in a position of peril, and such peril is or should be appreciated or realized by the defendant, in the exercise of ordinary care, in time to avert the accident, if such can reasonably be done. An allegation of constructive knowledge of the peril coupled in the alternative with

an allegation of actual knowledge thereof is fatal as it permits recovery on a state of facts not contemplated by the doctrine of last clear chance as justifying such recovery by a negligent plaintiff.

Judgment reversed with instructions to overrule the appellee's demurrer to the first paragraph of complaint.

NOTE.—Reported in 57 N. E. (2d) 444.