HAMLING, EXECUTOR, ET AL. *v.* HILDEBRANDT ET AL.

[No. 17,688. Filed October 14, 1948.
Transfer denied February 2, 1949.]

*Wallace & Wallace;* and *Karl Overbeck,* all of Covington, for appellants.

*White & White,* of Covington; *Ringer & Ringer,* of Williamsport; and *W. J. Sprow,* of Crawfordsville, for appellees.

DRAPER, P. J.—This is an action to contest the will of Catherine A. Heineman, deceased, and set aside the probate thereof.

The complaint, which is in one paragraph, alleges the will to be invalid because of (1) mental incapacity of the testatrix; (2) duress; (3) fraud. In accordance with the verdict of the jury the will was adjudged invalid and the probate thereof was set aside.

The defendants William Hamling (brother of the deceased and beneficiary under the will), and William Hamling as executor of the will, appeal and assign as error the overruling of their motion for new trial.

They assert the verdict is contrary to law because not sustained by sufficient evidence. See *Coates* v. *Veedersburg State Bank* (1941), 219 Ind. 675, 38 N. E. 2d 243. The proposition is vigorously and ably urged. But while we find no evidence to substantiate the allegations of fraud or duress, a careful consideration of the evidence bearing on the question of the mental capacity of the testatrix impels us to adopt the following language of our Supreme Court as found in *Stalker* v. *Breeze* (1917), 186 Ind. 221, 114 N. E. 968:

> "Without setting out the evidence herein, which is voluminous, it is sufficient to say that in our opinion, there was at least sufficient evidence introduced in the case to form an issue of fact as to testator's testamentary capacity and that issue having been submitted to the jury, which found against the validity of the will, this court could not, if it so desired, invade the province of the jury and weigh the evidence."

At the close of plaintiffs' case in chief the appellants filed a motion for a directed verdict on all issues, which was overruled; thereupon, they filed a motion for a directed verdict on the issue of duress, which was overruled; and thereupon, they filed a motion for a directed verdict on the issue of fraud, which was overruled. The first was properly overruled

because the evidence on the question of mental capacity was sufficient to go to the jury. The second and third were properly overruled as being inappropriate. Under the circumstances the appellants should have taken suitable steps to have those issues *withdrawn from the consideration of the jury. Huntington* v. *Hamilton* (1947), 118 Ind. App. 88, 73 N. E. 2d 352; *Stevens* v. *Leonard, Ex.* (1900), 154 Ind. 67, 56 N. E. 27; *Jarrett et al.* v. *Ellis* (1923), 193 Ind. 687, 141 N. E. 627; *Long* v. *Neal et al.* (1921), 191 Ind. 118, 132 N. E. 252; *Loeser* v. *Simpson* (1942), 219 Ind. 572, 39 N. E. 2d 956; *Young* v. *Montgomery* (1903), 161 Ind. 68, 67 N. E. 684.

At the close of all the evidence the appellants filed separate motions for a directed verdict on the issues of fraud and duress. These motions were overruled. We think these motions were also inappropriate. If the appellants wished to test the sufficiency of the evidence on the issues of fraud or duress only, they should have taken appropriate steps to have such issues withdrawn from the consideration of the jury.

Although the court overruled all of appellants' motions for directed verdicts, it did of its own motion give its instruction 2A, which reads as follows:

"There is no evidence to show that the testamentary instrument in question was not, in the matter of forms gone through with, in all respects duly executed. I do not withdraw from your consideration, if you deem it important, any proof as to the extraneous influences, if any, which operated on the mind of the testatrix, if they did so operate, but upon the condition of the evidence in this case, I instruct you that such influences, if any, can only be considered upon the question as to whether the testatrix was of unsound mind. There is, therefore, but one ultimate question for your consideration under the facts in this case, and that is, was the testatrix, Catherine A. Heineman, at the time

she signed the will, now in contest, of unsound mind so as to invalidate the document which has been probated as her will."

An instruction in almost identical language was given in *Stevens* v. *Leonard, Ex., supra,* and it was there said the instruction was appropriate to withdraw from the consideration of the jury the element of undue influence and was properly given if there were no evidence thereof. We think that by the giving of this instruction the court effectively withdrew the other issues, leaving that of the mental capacity of the testatrix as a solid foundation for the verdict of the jury.

The appellants complain of the court's refusal of two instructions tendered by them which embraced the idea that on the issues of fraud and of duress the will was valid, and verdicts for the defendants must be returned on each of those issues. As we have said, those issues were removed from the consideration of the jury by the court's instruction 2A. The tendered instructions were, therefore, superfluous, and if given they would have been confusing in that the giving of them along with 2A would have told the jury to return a verdict on issues which had been withdrawn from its consideration.

The court refused appellants' tendered instruction No. 7 which would have told the jury to apply the test fixed by law for the determination of mental capacity to make a will, and not to apply some other test which some juror may have heard used for the purpose of determining unsoundness of mind in an action to commit an insane person, to appoint a guardian, etc. The instructions given defined testamentary capacity and the jury was told it was their duty to take the law as given by the court. The jury

knew they were not trying a commitment or guardianship case. There was no evidence whatever concerning any such proceedings, nor any claim that any juror had ever been concerned with or heard of the tests applied in such cases. We think the instruction was properly refused. Cf. *Loeser, Tr., et al.* v. *Simpson, et al., supra.*

The testator left the appellant brother, two sisters, several nieces and nephews, and several grandnieces. Three grandnieces were identified by the will as the children of deceased brother John, whereas, they were actually the children of John, Jr., the only living nephew not mentioned in the will. Two nieces, the children of a deceased brother George, were not mentioned. The others were left one dollar. Appellants tendered an instruction which would have told the jury that "as a matter of law, a nephew or niece has no legal claim upon the bounty of his or her aunt," and such aunt is not legally obliged to make testamentary provision for a nephew or niece. The instruction continues on the subject of a nephew or niece as the natural object of an aunt's bounty and announces the testator's right to disinherit her relatives. The first part of the tendered instruction is not clear. If it meant that a nephew or niece has no legal claim to a bounty or gift made to them by their aunt's will, it was of course erroneous. It also singled out and gave undue prominence to a particular class of relatives whose situation was similar to that of another concerned class. The subject was otherwise fairly covered, and we find no error in its refusal.

Other instructions tendered by the appellants and refused by the court were adequately covered by instructions given.

The court gave an instruction having to do

with proof by circumstantial evidence. The appellants challenge its correctness as a statement of law and insist it was confusing to the jury. The instruction is clumsily worded, but in our opinion it is not so substantially inaccurate and confusing as to have influenced the result reached in this case.

At the request of the appellees the court gave their instruction No. 5 which reads as follows:

> "Non-expert witnesses have testified before you as to facts concerning the appearance, manner, conduct, health, conversations, statements and habits of Catherine A. Heineman, and have from such facts given to you their opinions as to the soundness or unsoundness of the mind of the said Catherine A. Heineman. Such opinions should be tested by the facts upon which they are based in order to judge of the weight of such opinions. Reliance should be placed not only upon the opinions of such witnesses, but also upon the premises which supplied the basis for such opinions, and the jury in weighing such opinions may form its own independent convictions and decide accordingly."

The appellants assert this instruction invades the province of the jury in that it tells the jury that reliance should be placed upon the opinion and testimony of certain witnesses, whereas, it is within the exclusive province of the jury to decide in what witnesses they will "place reliance," and what weight they will attach to their testimony.

The appellees reply that it correctly states the law and suggest that if it is erroneous the error was invited by appellants' tendered No. 17 which was given by the court, and which reads as follows:

> "Non-expert witnesses have testified before you as to facts concerning the appearance, manner, conduct and conversations of testatrix and from such facts have given you their opinion as to the

soundness or unsoundness of the mind of the testatrix. Such opinions should be tested by the facts upon which they are based in order to judge of their probable correctness. It is not the opinion of the witnesses alone upon which reliance is to be placed, but from the facts which supplied the conviction in the minds of such witnesses, the jury, aided by such opinions, may form its independent conviction and decide accordingly."

Appellants' No. 17 was approved by our Supreme Court in *McReynolds* v. *Smith* (1909), 172 Ind. 336, at p. 348, 86 N. E. 1009, at p. 1013, and in *Crawfordsville Trust Co.* v. *Ramsey* (1912), 178 Ind. 258, at p. 276, 98 N. E. 177, at p. 183. Those approved instructions and appellants' No. 17 materially differ from appellees' No. 5. They are obviously not subject to the objection made to the latter. The last sentence of appellees' No. 5 could not be said to have been invited by appellants' No. 17.

The last sentence in appellees' No. 5 is not technically accurate. However, the jury was otherwise instructed that they were the exclusive judges of the credibility of witnesses and of the weight to be given their testimony and they were also given appellants' tendered No. 17 which accurately states the law. It is established law that "if, upon considering all instructions together, it fairly appears that the law was stated with substantial accuracy, so that the jury could not have been misled, no ground for reversal is presented, even though a particular instruction, or some detached portion thereof, may not be precisely accurate." *Cooper* v. *The State* (1889), 120 Ind. 377, 22 N. E. 320. Considering all of the instructions bearing on the subject, we feel the jury could not have been misled by No. 5; that they could only have understood it as providing a test to be applied to the opinions of non-experts, and not as compelling them

to credit the opinion or supporting testimony of such witnesses.

The court gave an instruction on "preponderance of the evidence" which was objected to for the reason it "omits any consideration by the jury of a lack of evidence." The appellants tendered and the court gave other instructions on the same subject which also failed to mention any consideration by the jury of a lack of evidence. If the instruction of which complaint is made is erroneous, the error was invited. *New York Cent. R. Co.* v. *Verpleatse* (1945), 116 Ind. App. 1, 59 N. E. 2d 916, 60 N. E. 2d 784. Moreover, if the instruction complained of was incomplete, the appellants should have submitted one which contained the omitted element. *Allman* v. *Malsbury* (1946), 224 Ind. 177, 65 N. E. 2d 106.

Mrs. Heineman died at the age of 71 years, 25 days after making the will. Mrs. Hildebrandt, a widowed sister, apparently without means and without a home of her own, was living with and caring for Mrs. Heineman at the time of her death and for one year prior thereto. According to the evidence which we are required to credit, Mrs. Hildebrandt rendered faithful, kind and considerate service under adverse conditions imposed by Mrs. Heineman's abusive and peculiar actions and conduct. Mrs. Heineman left a substantial estate. She left this sister $1. The latter filed a claim in the sum of $3,912.50 against the estate for services rendered, which claim was introduced in evidence by the appellants.

At the instance of the appellees the court instructed the jury that the fact of the filing of this claim "has no bearing on the issue in this will contest," and further told them they should draw no inference against the plaintiffs because of the filing of such

a claim. It is complained of as invading the province of the jury. But the court also gave an instruction tendered by appellants which told the jury "The merits of this claim are not an issue in this case and it should be considered by you only as evidence that such a claim is pending." The instruction sponsored by the appellants seems to limit the application of this item of evidence even more than that tendered by the appellees, for it tells them to consider it *only as evidence that such a claim is pending,* and we, therefore, hold that any error in giving the appellees' tendered instruction was invited. *New York Cent. R. Co.* v. *Verpleatse, supra.*

By its instruction 1A the court explains the issues formed by the pleadings, including those of fraud and duress. This instruction was followed by 2A set out above. The appellants insist the court thus confused the jury by submitting to them issues upon which there was no evidence. They also insist the court had no right to withdraw issues from the jury, but on the contrary should have directed a verdict on such issues.

We have disposed of the first of these contentions. We think the authorities cited by the appellants to the latter proposition fail to sustain them. Those from our Supreme Court hold that where the evidence is wholly insufficient to sustain a verdict for the plaintiff, the proper remedy is to ask the court to direct a verdict for the defendant, thus providing a verdict upon which to base the judgment. See e. g. *Engrer* v. *Ohio and Mississippi Railway Co.* (1895), 142 Ind. 618, 42 N. E. 217. None of them involve situations such as the present. The appellants also rely on *Chicago, etc., R. Co.* v. *Pacheco* (1932), 94 Ind. App. 353, 181 N. E. 7. Without pausing to re-examine the soundness of that decision, we call atten-

tion to the fact that the complaint in this case pleads but a single cause of action—one ultimate issue—the validity of the disputed will. *Huntington* v. *Hamilton, supra.* In the Pacheco case the first paragraph of complaint alleged a wilful injury; the second alleged negligence. Thus, two separate issues were presented, and this court held that a motion to direct a verdict on the second paragraph, upon which there was no evidence, should have been sustained. We are of the opinion that in a case such as this, multiple verdicts are neither desirable nor proper. We think it was proper to explain the issues as formed by the pleadings and to then withdraw from the consideration of the jury those issues (of fraud and duress) which were not sustained by any evidence, as was done in this case.

The appellants complain of other instructions given over their objection. We have carefully considered them, but feel that none are so imperfect as to require reversal or justify extended discussion.

Considering the instructions given as a whole, we feel they state the law with substantial accuracy and fairness, and furnish no grounds for reversal.

Judgment affirmed.

NOTE.—Reported in 81 N. E. 2d 603.