HERRIN, BY NEXT FRIEND, ETC. *v.* STARK.

[No. 19,835. Filed May 12, 1964.]

*Ernest M. Wright,* of Terre Haute, for appellant.

*Dix, Dix, Patrick & Ratcliffe,* of Terre Haute, and *John J. Thomas,* of Brazil, for appellee.

COOPER, J.—This matter comes to us from the Clay Circuit Court wherein the appellant, David Herrin, a minor by his next friend, Ernest M. Wright, filed a cause of action against the appellee, John K. Stark, Jr., for damages for personal injuries sustained in the city of Terre Haute, Indiana, by virtue of a collision between a Jeep automobile and a bicycle.

The matter was tried by a jury and upon the completion of the evidence, the jury rendered their verdict for the defendant. Pursuant to said verdict, the court rendered judgment and decreed that the plaintiff take nothing by reason of his cause of action. Thereafter, the appellant filed his motion for a new trial which the trial court overruled.

The assigned error is the overruling of appellant's motion for a new trial.

In reviewing the record and briefs now before us, it is apparent that the appellant, under Rule 2-17 of the Supreme Court of Indiana, has waived all of the specifications of error contained in his motion for a new trial, with the exception of appellee's tendered instruction #1 which was given by the trial court. Said appellee's instruction #1 reads as follows:

"You are instructed ladies and gentlement that there was at the time of the accident in question a statute in full force in the State of Indiana which reads as follows:

"47-2023. When signal required.—

"a. No person shall slow down or stop a vehicle, or turn a vehicle from a direct course upon a highway, unless and until such movement can be made with reasonable safety, and then only after giving clearly audible signal by sounding the horn if any pedestrian may be affected by such movement, or after giving an appropriate signal in the manner hereinafter provided in the event any other vehicle may be affected by such movement.

"b. A signal of intention to turn right or left shall be given continuously during not less than the last one hundred (100) feet traveled by the vehicle before turning.

"I instruct you that the rider of a bicycle upon the highways such as David Herrin was required to comply with the above quoted statute. If you find a preponderance of the evidence that David Herrin violated the terms of this statute without justification or excuse then I instruct you that he was guilty of negligence. If you so find and if you further find that this negligence proximately caused or proximately helped to cause the accident in question, then I instruct you that your verdict should be for the defendant, John Stark."

It appears from the appellant's brief that the part the appellant objects to of the defendant's instruction #1, which is relied upon in this appeal, is as follows:

"Plaintiff objects to defendant's tendered instruction No. 1 for the reason that there is no evidence which would make the quoted statute applicable in this case. The undisputed evidence is that the plaintiff was travelling in a straight line. There is no evidence that he slowed down or changed the direction of his course.
. . . ."

The appellant in his argument concedes that the foregoing instruction would be a correct statement of the law under certain facts, but maintains that it is equally clear that said instruction had no application in the evidence in the case at bar and was, therefore, erroneous; however, we cannot agree with the latter portion of the appellant's contention.

The appellant contends that the evidence was without dispute. However, in reviewing the evidence in the record, it is affirmatively apparent that the evidence becomes conflicting as to the immediate events sur-

rounding the accident. It is true that the evidence is without dispute that the appellant was on his way to a Little League Baseball Game, riding his bicycle north on 7th Street in the City of Terre Haute; that said street was marked only with a center line, and at the time of the accident, it was day-light.

It is at this point that the evidence becomes conflicting. It is the appellant's contention that the plaintiff was riding his bicycle in a straight line, and it is the appellee's contention that the plaintiff was riding his bicycle in the lane next to the curb where cars were parked, and swung, or turned his bicycle into the north-bound traffic lane around a parked car into the side of a Jeep which was also traveling north without giving a proper signal, as required by §47-2023, Burns' Ind. Stat. Anno. It affirmatively appears from the evidence in the record that the appellant admitted that he did not make any signal just prior to the accident.

A careful reading of the testimony in the record now before us given at the trial reveals that said instruction was submitted by the appellee upon the theory of its defense. It is elementary that if there is any evidence in the record disclosing that the appellant suddenly and without an appropriate signal moved from one lane of traffic to another, the questioned instruction was properly given. The appellee, as well as the appellant, is entitled to an instruction upon this theory of the cause.

It is our opinion, after reviewing all of the evidence in the record now before us, that it was the duty of the court to instruct the jury upon the appellee's theory of the case under the evidence and that said questioned instruction was a proper instruction upon

such theory. See *Scott* v. *Sisco* (1959), 129 Ind. App. 364, 156 N. E. 2d 895; *Acme-Evans Co.* v. *Schnepf* (1938), 105 Ind. App. 475, 15 N. E. 2d 472; *Acme-Evans Co.* v. *Schnepf* (1938), 214 Ind. 394, 14 N. E. 2d 561; *Gulley* v. *Hamm* (1947) (T. D.), 117 Ind. App. 593, 73 N. E. 2d 188; *Pierce* v. *Clemens* (1943), 113 Ind. App. 65, 46 N. E. 2d 836; *Mitchell* v. *Godsey* (1941) (T. D.), 109 Ind. App. 399, 32 N. E. 2d 745.

Judgment affirmed.

Carson, C. J., Faulconer, Ryan JJ., concur.

NOTE.—Reported in 198 N. E. 2d 397.